UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
DOCKET NO. 5:24-cv-54

| | |
|---|---|
| **JOSEPH MAIELLO,** | )<br>) |
| Plaintiff, | )<br>) |
| vs. | )     ORDER<br>) |
| **Commissioner of Social Security,** | )<br>)<br>) |
| Defendant. | ) |

**THIS MATTER** is before the Court upon Plaintiff's Motion for Summary Judgment (Doc. No. 5) and Commissioner's Motion for Summary Judgment (Doc. No. 7). Having carefully considered such motions and reviewed the pleadings, the court enters the following findings, conclusions, and Order.

**FINDINGS AND CONCLUSIONS**

**I.    Administrative History**

Plaintiff filed an application for Title II benefits on November 2, 2020, alleging a disability onset date of April 3, 2020. Plaintiff's claims were denied both initially and on reconsideration. Thereafter, Plaintiff requested and was granted a hearing before an administrative law judge ("ALJ"). After conducting a hearing, the ALJ issued a decision on May 25, 2023, finding Plaintiff not disabled. The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner of Social Security ("Commissioner"). Thereafter, Plaintiff timely filed this action, seeking judicial review of the ALJ's decision.

## II. Factual Background

In her decision, the ALJ first determined that Plaintiff has not engaged in substantial gainful activity since his alleged onset date. (AR 14). At the second step, the ALJ concluded that Plaintiff has the following severe impairments: degenerative disc disease, right hip degenerative joint disease s/p surgery, and obesity. *Id.*

At the third step, the ALJ found that the Plaintiff did not have an impairment or combination of impairments that meet or medically equal the severity of one of the listed impairments in 20 C.F.R. § 404, Subpart P, Appendix 1. (AR 16). The ALJ then found that Plaintiff has residual functional capacity (RFC) to perform medium (lifting and carrying 50 pounds occasionally and 25 pounds frequently) except that he should only occasionally climb ladders, ropes, or scaffolds, and occasionally crouch and crawl. (AR 17). As a result, the ALJ found in the fourth step that Plaintiff is capable of performing his past relevant work as a sales representative of hardware supply, salesperson of general hardware, machine setup operator, and electrician. (AR 22). Accordingly, the ALJ found that Plaintiff is not disabled under the Act.

## III. Standard of Review

The only issues on review are whether the Commissioner applied the correct legal standards and whether the Commissioner's decision is supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Review by a federal court is not *de novo*, *Smith v. Schwieker*, 795 F.2d 343, 345 (4th Cir. 1986); rather, inquiry is limited to whether there was "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *Richardson*, 402 U.S. at 400. Even if the undersigned were to find that a preponderance of the evidence weighed against the Commissioner's decision, the Commissioner's decision would have to be affirmed if supported

2

by substantial evidence. *Hays*, 907 F.2d at 1456.

**IV.     Discussion**

Plaintiff raises one challenge to the ALJ's decision: that the ALJ erred by engaging in impermissible cherry picking and failed to evaluate obviously probative evidence when assessing the supportability of Plaintiff's functionally limiting orthopedic pain. Interestingly, the Defendant's brief fails to specifically address Plaintiff's arguments.

Plaintiff argues that the ALJ engaged in cherry picking and even failing to evaluate obviously material evidence when deciding that Plaintiff's statements regarding his pain were not supported by the record. The ALJ discussed Plaintiff physical therapy, but omitted from her discussion that the therapist observed the following:

> Pt is functional with mobility and ADLs, he has been unable to work due to pain.
> Low back Oswestry not formally
> Reporting assessed after eval and only came for 7 visits so not retested upon dc
> Pain is what keeps him from manual labor, even mowing the grass at home will irritate his back and increase his symptoms for several days after

(AR 479). The PT also mentioned in her notes on August 26, 2021, that the Plaintiff was "tearful during most of the treatment today due to pain and his current situation." (AR 365). In her decision, the ALJ cited only that Plaintiff was functional with mobility and activities of daily living, and that he was reporting an overall decrease in his pain level since coming to PT. (Tr. 19-20). While the ALJ is not required to discuss every detail of evidence in the record, she "may not select and discuss only evidence that favors h[er] ultimate conclusion." *Diaz v. Chater*, 55 F.3d 300, 307 (7th Cir. 1995).

In discussing Dr. Burgess's CE evaluation, the ALJ made a similar error. She found Dr. Burgess's opinion "persuasive" but "vague." (AR 22). However, she failed to discuss his full conclusions, specifically omitting the following:

> 1. The claimant has clear degenerative changes present in the cervical and lumbar spine. He has had surgery of the cervical area for which he has responded fairly well, although there does appear to be lasting nerve damage affecting the left side. The claimant's low back seems to be giving him significant problems which are not showing any signs of improvement and which have not responded to conservative methods which have been put in place.
>
> 2. The claimant's hip continues to give him problems. Once again, there are no real options for this that have not been employed, and I suspect this is part of the reason his back pain is worsening steadily over time as well. The claimant would not be expected to see improvement but rather progression of this over time. The claimant's work experience has depended entirely on heavy physical labor, and at this point, his employability is a big problem in addition to the difficulty doing the jobs themselves, which includes substantial climbing, lifting, pulling, and walking.
>
> 3. The claimant appears to have some significant depression. This would need to be addressed through a third party or record review.

(AR 420-21).

Dr. Burgess's statements undermine the ALJ's conclusions in several ways. Contrary to the ALJ's argument that Mr. Maiello's pain was not as severe as alleged because he adequately responded to PT, Dr. Burgess noted that Mr. Maiello's chronic pain due to degeneration of his spine and his chronic hip pain did not respond to conservative treatment with PT, but instead continued "to be giving him significant problems…." Dr. Burgess specifically noted that Mr. Maiello's orthopedic conditions, given their degenerative nature, "would not be expected to see improvement but rather progression of this over time." *See* AR 420-21. This strongly undermines the ALJ's argument that Mr. Maiello's condition has not worsened since his prior application denial, but instead remained "quite stable" over time. *See* AR 21. Dr. Burgess's conclusion that Mr. Maiello's "employability is a big problem" because he has depended entirely on manual labor during his life, and he would have "difficulty doing the jobs themselves, which includes substantial climbing, lifting, pulling, and walking" (*see* AR 421) directly contradicts the ALJ's

4

rationale for denying Mr. Maiello's claim for benefits – that he can perform his previous work as an electrician, machine operator, and hardware supplier as well as other similar manual labor jobs. *See* AR 22-23.

The ALJ also concluded that Mr. Maiello must not have been in much pain since "he did not engage in any pain management" instead only attending PT. *See* AR 20. However, Mr. Maiello did undergo pain management, including seeing a back specialist at Piedmont Healthcare for chronic pain management. There he was diagnosed with chronic pain syndrome and was treated with trigger point injections, steroid injections, and a TENS device. The medical records suggest that despite undergoing these pain management treatments, Mr. Maiello continued to suffer from high pain levels with only partial and temporary relief. The ALJ failed to discuss any of this evidence.

The fact that Mr. Maiello's pain management treatment started a few months after his December 2021 DLI does not render these records irrelevant – especially when the ALJ inaccurately cited successful treatment with PT and inaccurately cited a total lack of pain management treatment as one of the reasons she found Mr. Maiello must not be in as much pain as he alleged. *See* AR 20. In *Bird v. Comm'r of Soc. Sec.*, 699 F.3d 337 (4th Cir. 2012), the Fourth Circuit held that medical evaluations made after a claimant's insured status has expired are not automatically barred from consideration and may be relevant to prove a disability that arose prior to the claimant's DLI – this is because such evaluations can be "reflective of a possible earlier and progressive degeneration." 699 F.3d at 340-41. The Court further explained that "evidence created after a claimant's DLI, which permits an inference of linkage between the claimant's post–DLI state of health and her pre–DLI condition, could be the 'most cogent proof' of a claimant's pre–DLI disability." *Id.* (quoting *Moore v. Finch*, 418 F.2d 1224, 1226 (4th Cir.

1969)). Retrospective consideration of this evidence "is appropriate when 'the record is not so persuasive as to rule out any linkage' of the final condition of the claimant with his earlier symptoms." *Id.* (quoting *Moore*, 418 F.2d at 1226).

The Court finds that there is a strong linkage between the pre-DLI and post-DLI evidence in this case. The ALJ erred by failing to discuss this evidence in her decision, and even relying on its supposed absence in rejecting Plaintiff's statements about his chronic pain.

Based upon the foregoing, the Court finds that the decision of the ALJ is not supported by substantial evidence. Plaintiff's Motion for Summary Judgment will be granted, the Commissioner's Motion for Summary Judgment will be denied, and the decision of the Commissioner will be vacated and remanded for a new hearing and decision not inconsistent with this Order.

**IT IS THEREFORE ORDERED** that

(1) Plaintiff's Motion for Summary Judgment is **GRANTED**, and the Commissioner's Motion for Summary Judgment is **DENIED**;

(2) The decision of the Commissioner, denying the relief sought by Plaintiff, is **VACATED** and this action is **REMANDED** to the Commissioner for a new hearing and decision not inconsistent with this Order; and

(3) This action is **DISMISSED**.

Signed: August 20, 2024

Graham C. Mullen
United States District Judge